## UNITED STATES DISTRICT COURT
## IN THE WESTERN DISTRICT OF MICHIGAN

**KALAMAZOO REGIONAL**
**EDUCATIONAL SERVICE AGENCY and**
**ITS BOARD OF EDUCATION**,

        Plaintiffs,

v

**JERMAINE ROBINSON**,

        Defendant.

Docket No.: 1:25-cv-211

Honorable _____
U.S. District Court Judge

Jordan M. Bullinger (P72441)
CLARK HILL PLC
*Attorneys for Plaintiffs*
200 Ottawa Avenue NW, Suite 500
Grand Rapids, MI 49503
(616) 608-1146
jbullinger@clarkhill.com

## **COMPLAINT FOR DECLARATORY, MONETARY, AND EQUITABLE RELIEF**

NOW COME Plaintiffs, Kalamazoo Regional Educational Service Agency and the Board of Education of the Kalamazoo Regional Educational Service Agency ("Plaintiffs" or the "KRESA"), by and through their attorney, Jordan M. Bullinger of Clark Hill PLC, and files the following Complaint seeking declaratory, monetary, and equitable relief against the above-named defendant, Jermaine Robinson ("Defendant" or "Mr. Robinson").

In support of this filing, the Plaintiffs state the following:

### **OVERVIEW**

This case stems from Defendant Jermaine Robinson's eight-months-long tirade against Kalamazoo Regional Educational Service Agency, which resulted in frivolous litigation, improper harassment, and the usurpation of judicial resources. As described herein, Mr. Robinson's motives

in filing these complaints were self-serving, unreasonable, harassing, and dismissive of prior ALJ orders; therefore, Plaintiffs bring this instant complaint pursuant to the IDEA.

On information and belief, Mr. Robinson is the designated licensee for Pre K International, a private daycare program located in Kalamazoo, Michigan. Prior to July 2022, Pre K International was approved to host a Great Start Readiness Program (GSRP) classroom; however, at the conclusion of the 2021-2022 school year, in response to a number of concerns related to the operation of the daycare program, Pre K International was not renewed to host a GSRP classroom. By way of example, as a result of a special investigation completed by the Department of Licensing and Regulatory Affairs, Pre K International was found to have violated a rule or law resulting in the abuse and/or neglect of a child. *In re Pre-K International Child Care Center*, Investigation # 2021D0208007.

Thereafter, Mr. Robinson repeatedly targeted KRESA through a number of due process complaints in an effort to obtain GSRP funding for his daycare program. When Mr. Robinson was not successful as a complainant, he brought parents into this mix to do his bidding. To this point, one complaint signed by a Pre K International parent had nearly nothing to do with the parent's child. In fact, Administrative Law Judge Michael St. John[1] recognized that "Petitioner's Due Process Complaint seeks the undersigned Administrative Law Judge to do seven items which are not directly related to the Student's education. The gravamen of Petitioner's complaint is a funding dispute between KRESA and Pre-K International." *Order Granting Respondent's Motion for Summary Disposition*, *A.W. o/b/o B.W. v Kalamazoo RESA*, (Docket No. 24-011520, Case No. DP-24-0041) (May 17, 2024).

---

[1] As background, ALJ St. John was the presiding hearing officer for all of the due process hearing requests referenced herein.

Accordingly, since March 2024, Defendant has repeatedly filed or assisted in the filing of numerous due process hearing complaints against KRESA in an attempt to reclaim Great Start Readiness Program (GSRP) funding. Defendant has repeatedly acted as an advocate on behalf of several parents, but with an ulterior motive. Because of Defendant's actions, KRESA has unnecessarily dedicated administrative time and legal costs in defending against these improper complaints. Defendant's repeated and knowing misuse of IDEA's due process hearing procedures resulted in an order of dismissal that outright barred Defendant from filing another due process hearing complaint absent statutory authority and warning him that he will be subject to sanctions for violations of the order. *Order of Dismissal*, *M.W. o/b/o K.B. v Kalamazoo RESA*, (Docket No. 24-033251, Case No. DP-24-0094) (November 26, 2024) (attached as **Exhibit A**).

## JURISDICTION, VENUE, AND EXHAUSTION

1. This Court has jurisdiction over this Complaint pursuant to 20 U.S.C. § 1415(i)(2)(A) and (3)(A). Furthermore, as part of its authority under § 1415(i)(2)(C)(iii), the Court has the authority to award any relief it deems appropriate.

2. Venue is proper in this Court and this Division under 20 U.S.C. § 1391(b) as the Defendant is located within Kalamazoo County, Michigan, and the events that are subject to this Complaint, including Mr. Robinson's purported representation of several parents, took place within the jurisdiction of this Court and Division.

3. Kalamazoo Regional Educational Service Agency and the Board of Education of the Kalamazoo Regional Educational Service Agency have exhausted all remedies available to them under IDEA as required by 20 U.S.C. § 1415(i)(2) or exhaustion should be excused.

**PARTIES TO COMPLAINT**

4. This Complaint is brought by Plaintiffs, Kalamazoo Regional Educational Service Agency and the Board of Education of the Kalamazoo Regional Educational Service Agency, against Defendant Jermaine Robinson.

5. Plaintiff, Kalamazoo Regional Educational Service Agency, is a Michigan Intermediate School District in Kalamazoo, Michigan. KRESA provides services to local public school districts, public school academies, and non-public schools that educate thousands of K-12 students in the Kalamazoo area. KRESA has the capacity to sue and be sued pursuant to § 380.601a of the Michigan Revised School Code. MCL 380.601a.

6. Plaintiff, Board of Education of the Kalamazoo Regional Educational Service Agency, is the locally elected governing body of the Kalamazoo Regional Educational Service Agency.

7. On information and belief, Defendant, Jermaine Robinson, is the designated licensee for a private daycare program, Pre K International. Beginning in March 2024, Defendant filed or assisted in filing six due process hearing requests against KRESA on behalf of several parents and children. Defendant is not a parent for any of the children involved in the underlying due process hearing complaints. Defendant acted on behalf of the Parents in the underlying due process hearing complaints.

**GENERAL ALLEGATIONS**

8. On March 11, 2024, Defendant filed a due process hearing request on behalf of parent B.B. and her child, A.C., against KRESA under IDEA. Defendant's requested relief sought for the hearing officer to award tuition for A.C. and dozens of other students attending Pre K International, totaling $518,832, due to Pre K International no longer receiving Great Start Readiness Program (GSRP) funding.

9. Also on March 11, 2024, Defendant filed a second and substantially similar due process hearing request on behalf of parent A.W. and her child, B.W., against KRESA under IDEA. Defendant's filing is the same as the aforementioned matter and sought for the hearing officer to award tuition for B.W. and dozens of other students attending Pre K International, totaling $518,832, due to Pre K International no longer receiving GSRP funding.

10. On April 1, 2024, Administrative Law Judge Michael J. St. John granted KRESA's motion for summary disposition for both the aforementioned requests on the basis that the Defendant, Mr. Robinson, is not an individual authorized by law to bring a due process hearing complaint pursuant to 34 CFR § 300.507.

11. That same month, on April 26, 2024, Defendant assisted parent D.S. in filing a due process hearing request on behalf of her child, F.W. The filing's proposed resolution sought $9,608 in tuition for F.W. due to Pre K International no longer receiving GSRP funding.

12. On May 6, 2024, ALJ St. John granted KRESA's motion to dismiss on the basis that, among other reasons, KRESA was not a proper party to the action.

13. On May 9, 2024, parent A.W. filed a due process hearing request on behalf of her child, B.W. This was the second hearing request for A.W. and B.W. Petitioners sought a number of different remedies related to GSRP funding and childcare centers. None of the remedies related to or mentioned the child, B.W.

14. ALJ St. John granted KRESA's motion to dismiss on May 17, 2024, on the basis that KRESA, again, was not a proper party to the action.

15. On November 18, 2024, Defendant signed and filed another due process hearing request on behalf of M.W. and her child, K.B. Defendant alleged the child was suspended from her program without due process. Based on information and belief, the student was not a student

5

receiving special education or related services. Rather, Defendant merely took issue with the student's suspension.

16. On November 21, 2024, Defendant signed and filed yet another due process hearing request on behalf of A.W. and her child, B.W. This filing was the third filing for A.W. and B.W. since March 2024. Defendant alleged the child was improperly dismissed from school (i.e., an "undocumented suspension") because KRESA believes she showed signs of illness.

17. On November 26, 2024, ALJ St. John dismissed the due process hearing request for M.W. and K.B., signed by Defendant. Further, and importantly to this instant matter, ALJ St. John ordered Defendant to not file another due process complaint on the matter and further ordered Defendant to "not file Due Process Complaints except for his own children or where he has standing under 34 CFR 300.30. If Mr. Robinson files additional Due Process Complaints where he lacks standing, he is subject to sanction." *Order of Dismissal*, *M.W. o/b/o K.B. v Kalamazoo RESA*, (Docket No. 24-033251, Case No. DP-24-0094) (November 26, 2024).

## COUNT I

### CLAIM FOR REIMBURSEMENT OF REASONABLE ATTORNEY'S FEES, COSTS AND PRE AND POST JUDGMENT INTEREST AGAINST JERMAINE ROBINSON UNDER 20 U.S.C. 1415(I)(3)(B)(I)(II)

18. As acknowledged by the ALJ in his November 26, 2024, Order of Dismissal, Defendant Jermaine Robinson repeatedly filed improper due process hearing complaints against KRESA despite not being an individual authorized to do so pursuant to the IDEA. 34 CFR § 300.507.

19. In repeatedly filing hearing requests, the Defendant ignored prior orders from ALJ St. John explaining why KRESA was not a proper party to the action and why Defendant was not a proper individual to file a due process hearing request pursuant to the IDEA. *B.B. o/b/o A.C. v Kalamazoo RESA*, (Docket No. 24-006427, Case No. DP-24-0018) (filed March 11, 2024); *A.W.*

*o/b/o B.W. v Kalamazoo RESA*, (Docket No. 24-006428, Case No. DP-24-0019) (filed March 11, 2024); *D.S. o/b/o F.W. v. Kalamazoo RESA* (Docket No. 24-010397; Case No. DP-24-0037) (filed April 26, 2024); *A.W. o/b/o B.W. v Kalamazoo RESA*, (Docket No. 24-011520, Case No. DP-24-0041) (filed May 9, 2024).

20. In filing complaints and guiding and influencing decision-making pertaining to minor children, Defendant acted as if he were an attorney and/or advocate on behalf of several parents.

21. As a result of the Defendant's repeated due process hearing complaints, which were frivolous, unreasonable, and without foundation, the Kalamazoo Regional Educational Service Agency and the Board of Education of the Kalamazoo Regional Educational Service Agency are entitled to full reimbursement of their reasonable attorney's fees and costs against the Defendant, Mr. Robinson.  20 U.S.C. 1415(i)(3)(B)(i)(II).

22. Total legal fees and costs incurred by Kalamazoo Regional Educational Service Agency and the Board of Education of the Kalamazoo Regional Educational Service Agency as of February 20, 2025, with regard to the due process hearing request for M.W. and K.B. are $815.16 and $1,874.27 respectively, with a total of all attorney's fees and costs incurred of $2,568.14.

## COUNT II

### CLAIM FOR REIMBURSEMENT OF REASONABLE ATTORNEY'S FEES, COSTS AND PRE AND POST JUDGMENT INTEREST AGAINST JERMAINE A. ROBINSON UNDER 20 U.S.C. 1415(I)(3)(B)(I)(III)

23. Defendant Jermaine Robinson's actions evidence an intent to harass Plaintiffs into giving him and Pre K International GSRP funding of which he believes he is entitled. Several of the complaints in this matter focus on GSRP funding for Pre K International and, where Defendant was not successful, he filed complaints that blatantly disregarded the ALJ's prior orders and reasoning.

24. Defendant first asserted, on behalf of two minor children for whom he is not a parent, that KRESA should be ordered to pay for the tuition of A.C., B.W., and dozens of other children in an amount totaling $518,832. Defendant's due process hearing request was dismissed because Defendant was not a proper party to bring the action pursuant to the IDEA.

25. Only a few weeks following this dismissal, April 26, 2024, Defendant sought to represent parent D.S. in filing a due process hearing request on behalf of her child, F.W., and sought $9,608 in tuition for F.W. due to Pre K International no longer receiving GSRP funding. The due process hearing request was dismissed because KRESA was not a proper party to the action.

26. Yet again, on May 9, 2024, another due process hearing request was filed seeking a number of different remedies related to GSRP funding. None of the remedies even related to or mentioned the Petitioner's child, B.W. The due process hearing request was dismissed because KRESA, again, was not a proper party to the action.

27. As part of the prior due process hearing requests, Defendant was on notice that, first, he was not a proper party to bring due process hearing complaints on behalf of other parents and their children under the IDEA and, second, that KRESA was not a proper party to the complaints for reasons explained within the ALJ's orders.

28. Despite the ALJ's orders and reasoning contained therein, in November 2024, Defendant filed two due process hearing requests against KRESA on behalf of two different parents, one of whom did not have a child who qualified for special education or related services.

29. Thereafter, ALJ St. John ordered Defendant to "not file Due Process Complaints except for his own children or where he has standing under 34 CFR 300.30. If Mr. Robinson files additional Due Process Complaints where he lacks standing, he is subject to sanction."

30. Defendant's actions evidence an intent to harass KRESA at every opportunity, manipulation of unknowing parents for his own gain, and a complete disregard for the ALJ's orders and state and federal law.

31. As a result of the Defendant's deliberate and reprehensible conduct, the Kalamazoo Regional Educational Service Agency and the Board of Education of the Kalamazoo Regional Educational Service Agency are entitled to full reimbursement of their reasonable attorney's fees and costs.  20 U.S.C. 1415(i)(3)(B)(i)(III).

32. Total legal fees and costs incurred by Kalamazoo Regional Educational Service Agency and the Board of Education of the Kalamazoo Regional Educational Service Agency as of February 20, 2025, with regard to the due process hearing request for M.W. and K.B. are $815.16 and $1,874.27 respectively, with a total of all attorney's fees and costs incurred of $2,568.14.

## RELIEF REQUESTED

Plaintiffs, Kalamazoo Regional Educational Service Agency and the Board of Education of the Kalamazoo Regional Educational Service Agency, respectfully request that this Court:

A. Declare that Defendant Jermaine A. Robinson filed a complaint and cause of action against KRESA that was frivolous, unreasonable, or without foundation.

B. Declare that Defendant Jermaine A. Robinson continued to litigate against KRESA after the litigation became frivolous, unreasonable, or without foundation.

C. Declare that Defendant Jermaine A. Robinson's repeated requests for due process hearings were presented for an improper purpose, including to harass KRESA.

D. Enter a judgment against Defendant Jermaine A. Robinson in the amount of $2,568.14 as reasonable attorney's fees and costs for past legal expenditures, including an award

of additional reasonable attorney's fees and costs incurred in connection with the case at bar, including all pre and post judgment interest.

   E. Grant such other relief as the Court determines to be appropriate under IDEA.

                Respectfully submitted,

                CLARK HILL PLC

Dated: February 21, 2025       By: /s/ *Jordan M. Bullinger*
                 Jordan M. Bullinger (P72441)
                 *Attorneys for Defendant*